O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENDRICK V. BROWN, | ) Case No. CV 11-05062 DDP (MANx) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) [Motions filed on June 22, 2011] |
| WACHOVIA MORTGAGE CORP., NDEX WEST LLC, WELLS FARGO BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), | ) |
| Defendants. | ) |

Presently before the court is Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and MERSCORP, INC.'s (together "Defendants'") Motion to Dismiss Case (Dkt. No. 6) and Motion to Strike Portions of Complaint (Dkt. No. 8). Having considered the parties papers and the arguments therein, the court GRANTS Defendants' Motion to Dismiss. Defendants' Motion to Strike is VACATED as moot.

**I. Background**

In January 2007, Plaintiff obtained a $300,000 home loan from then World Savings Bank, FSB, for the purchase of real property

1 located at 4169 Charlene Dr., Los Angeles, California.  (Def.'s
2 Request for Judicial Notice ("RJN"), Ex. A, Ex. B.) On or about
3 July 23, 2009, Plaintiff entered into a loan modification purchase
4 agreement with defendant, Wachovia Mortgage Corp.  (Compl. ¶ 8.)
5 At some point thereafter, Plaintiff defaulted on his loan and on
6 December 8, 2010, a notice of default ("NOD") was recorded with the
7 Los Angeles County Recorder's Office.  (Compl. ¶ 17; RJN, Ex. G.)
8 On March 23, 2011, Plaintiff filed for bankruptcy under Chapter 7
9 of the United States Bankruptcy code.  (RJN, Ex. H, Chapter 7
10 Voluntary Bankruptcy Petition.)  On April 28, 2011, Plaintiff
11 brought this suit for damages and to enjoin the foreclosure of his
12 home.

**II.  Legal Standard**

Under the Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff."  Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.  Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

2

Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

### III. Discussion

Plaintiff brings claims for fraud, violation of California's False Claims Act, violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") statutes, and violation of various provisions of the California Civil Code and the California Government Code.

#### A. Chapter 7 Bankruptcy

In March 2011, Plaintiff filed for Chapter 7 Bankruptcy. (RJN, Ex. H, Chapter 7 Voluntary Bankruptcy Petition.) Defendants argue that because Plaintiff filed the present action after he filed for Chapter 7 Bankruptcy, Plaintiff's claims are "property of the bankruptcy estate," and therefore must be dismissed. (Def.'s Motion to Dismiss 3:23-27.)  The court agrees.

As set forth in 11 U.S.C. § 541(a)(1), the commencement of a Chapter 7 case, such as the present, "creates an estate," and that estate is comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case."  Put another way, "after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate." <u>Cloud v. Northrop Grumman Corp.</u>, 67 Cal. App. 4th 995, 1001 (1998) (citing <u>United States v. Whiting Pools, Inc.</u>, 462 U.S. 198, 203-205, fn. 9 (1983)); <u>see, e.g.</u>, <u>In re</u>

3

Lopez, 283 B.R. 22, 28 (2002) (noting that the action at issue "belongs to the estate, not to [the plaintiff]").

Here, Plaintiff's causes of action became the property of the Bankruptcy Estate on March 23, 2011, the date when Plaintiff petitioned for Chapter 7 bankruptcy. See In re Lopez, 283 B.R. at 28 (explaining that an "Action bec[omes] property of the bankruptcy estate as of the Petition Date, even though the Action was not listed in the schedules, and the property that is neither abandoned nor administered remains property of the estate even after the case is closed"). Plaintiff, therefore, lacks standing to bring this suit and the suit must be dismissed for failure to state a claim. Because further amendment would not cure this jurisdictional defect, the court dismisses Plaintiff's complaint with prejudice.

**B. Tender**

Under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Ferguson v. Avelo Mortg., L.L.C., 126 Cal. Rptr. 3d 586, 591 (Cal. Ct. App. 2011) (quoting Arnolds Mgmt. Corp. v.. Eischen, 205 Cal. Rptr. 15, 17 (Cal. Ct. App. 1984)); see also FPCI Re-Hab 01 v. E & G Invs., 207 Cal. App. 3d 1018, 1021 (1989). Here, Plaintiff seeks equitable relief, including an injunction, declaratory relief, quiet title, a constructive trust, and an equitable lien in connection with Plaintiff's claims challenging the foreclosure sale. Plaintiff, however, has failed to allege a tender of payment or offer any proof of his ability to tender. Plaintiff's complaint with respect

to these equitable claims challenging the foreclosure of his home must be dismissed for this reason as well.

**C. The Home Owener's Loan Act**

Finally, Plaintiff has brought various state claims related to alleged irregularities in the processing of Plaintiff's mortgage. The Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq. ("HOLA")and regulations promulgated by the Treasury Department's Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560, preempt Plaintiffs' state law claims. (Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, ("Def.'s Motion") 4: 5-12.)

Pursuant to HOLA, OTS is authorized "to prescribe a nationwide system of operation, supervision, and regulation which would apply to federal [savings] associations." Glendale Fed. Sav. & Loan Ass'n v. Fox, 459 F. Supp. 903, 909 (C.D. Cal. 1978). Acting under such authority, OTS promulgated 12 C.F.R. § 560.2(b), which provides for preemption of state laws that impose upon federal savings banks any requirements regarding "terms of credit, . . . [d]isclosure and advertising, . . . [or][p]rocessing, origination, servicing, sale or purchase of . . . mortgages." 12 C.F.R. § 560.2(b)(4,9-10).

In Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit described HOLA as "so pervasive as to leave no room for state regulatory control." Id. at 1004-1005 (internal citation omitted). The court explained that "because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable" in the banking context. Id. at 1004-1005 (internal citation omitted).

The court finds a comparison with <u>Rivera v. Wachovia Bank</u>, instructive.  <u>Rivera v. Wachovia Bank</u>, No. 09-0433, 2009 WL 2406301 (S.D. Cal. Aug. 4, 2009).  In <u>Rivera</u>, the court found that plaintiff's allegations that Wachovia induced him to sign loan documents without adequate disclosures in regard to the interest rate and its adjustment over time in violation of state law were expressly the type of lending activity regulations Congress sought to preempt.  <u>Rivera</u>, 2009 WL 2406301 at *2.  Similarly, in <u>Andrade v. Wachovia Mortgage</u>, the court ruled that the plaintiff's state law based fraud, injunctive relief, and quiet title claims were expressly preempted by HOLA.  <u>Andrade v. Wachovia Mortgage</u>, 2009 WL 1111182, No. 09-0377 (S.D. Cal. April 21, 2009).  The <u>Andrade</u> court reasoning that:

> Plaintiff's allegations revolve entirely around the "processing, origination, [and] servicing" of the Plaintiff's mortgage, including the "terms of credit" offered, the "loan-related fees" charged, and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. § 560.2(b)(4), (9), (10).  Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by § 560.2(b), the claims are preempted.

<u>Andrade</u>, 2009 WL 1111182 at *3.

In the present action, Plaintiffs' claims are difficult to discern and are not pled with particularity.  However, it appears that Plaintiffs broadly assert that Defendants engaged in fraud in the initial loan disclosure, loan-related fees, origination, processing, and servicing of Plaintiffs' mortgage.  (<u>See, e.g.</u> Compl. ¶ 41, 43, 50, 52).  The court must resolves any doubt in favor of preemption.  <u>Weiss v. Washington Mutual Bank</u>, 147 Cal.

App. 4th 72, 77 (2007).  To the extent that Plaintiffs' state law claims for fraud relate to the "processing," "disclosure," "origination," and/or "sale or purchase of" the mortgage, they are preempted and therefore dismissed.  12 C.F.R. § 560.2(b)(10).

**IV.  Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss Case is GRANTED, Plaintiff's Complaint is DISMISSED with prejudice. Defendant's Motion to Strike is VACATED as moot.  In addition, the Scheduling Conference set for October 17, 2011 is vacated.

IT IS SO ORDERED.

Dated: September 16, 2011

DEAN D. PREGERSON
United States District Judge